**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTINE MARY NOVICIO, | No. 10-16388 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-00688-RCJ-VPC |
| v. | |
| ERIC H. HOLDER, JR.,** Attorney General, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Argued and Submitted September 12, 2012
Las Vegas, Nevada

Before: RAWLINSON, BYBEE, and IKUTA, Circuit Judges.

Christine Novicio appeals the district court's dismissal of her challenge to

the constitutionality of 8 U.S.C. § 1154(c), which prohibits an alien spouse from

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    \*\*     Eric H. Holder, Jr. is substituted for his predecessor Michael B. Mukasey as Attorney General. Fed. R. App. P. 43(c)(2).

becoming a lawful United States resident if the alien spouse had been involved in marriage fraud.  We affirm.

Novicio had standing to challenge the constitutionality of § 1154(c) because the provision prevents Novicio from residing with her husband in the United States, an "injury in fact" that would be redressed by a decision invalidating § 1154(c) as unconstitutional. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

Even if § 1154(c) burdens Novicio's constitutional right to marry, because it imposes no particular procedure for determining whether an alien spouse is eligible for legal resident status, it is not a procedural statute that must be analyzed under *Mathews v. Eldridge*, 424 U.S. 319 (1976).  As a substantive provision, § 1154(c) is subject to limited judicial review under the deferential standard articulated in *Fiallo v. Bell*, 430 U.S. 787 (1977).  The enactment of § 1154(c) is justified by the "facially legitimate and bona fide reason" of deterring marriage fraud by aliens. *Id.* at 794–95.  Therefore, we hold that § 1154(c) is not unconstitutional even if it burdens Novicio's constitutional right to marry by preventing her from living with her alien spouse in the United States.

**AFFIRMED**.